# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Tyler Bahnmuller, Jeffrey Baker, Jeffrey Burden and Ellen Burden, Lewis J. Cromer and Carolyn Cromer, Stephen Marshall, Damita Trapp, Jeffrey Wilkinson, and James Woods and Cathy Woods,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Civil Action No.: 3:16-cv-03702-JMC<br><br><br><br>**ORDER** |

Plaintiffs[1] above-named collectively filed this action seeking money damages from Defendant United States of America (the "Government") for the destruction caused to Plaintiffs' homes by flood water released when the Semmes Lake Dam was breached in October 2015. (ECF No. 1 at 6–9.)

This matter is before the court on the Government's unopposed Motion to Compel Production of Documents against Plaintiffs (ECF No. 27) pursuant to Rule[2] 37(a) of the Federal Rules of Civil Procedure. In support of its Motion, the Government asserts that Plaintiffs responded to a properly propounded First Set of Requests for Production of Documents and Things (ECF Nos. 27-1 & 27-2) by stating that the requests "seek documents and information 'to be provided in the Plaintiff Fact Sheets' and/or 'related to Plaintiffs' expert testimony' subject

---

[1] After the filing of various Stipulations of Dismissal with Prejudice (ECF Nos. 83 & 88), the remaining Plaintiffs in this action are Tyler Bahnmuller, Jeffrey Baker, Jeffrey Burden, Ellen Burden, Lewis J. Cromer, Carolyn Cromer, Stephen Marshall, Damita Trapp, Jeffrey Wilkinson, James Woods and Cathy Woods. (*E.g.*, ECF No. 100.) The court adjusted the case caption to reflect the aforementioned.

[2] The court observes that from this point forward, "Rule" refers to the Federal Rules of Civil Procedure.

1

'to the timetable established by the Court's February 8, 2017 Conference and Scheduling Order [ECF 20].'" (ECF No. 27 at 2 (referencing ECF No. 27-2).) The Government further asserts that to this day, Plaintiffs have not produced any responsive documents or information." (Id.) Plaintiffs did not file a response to the Government's Motion to Compel.[3]

Amended Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . ." Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense and (3) proportional to the needs of the case. *E.g.*, *Gordon v. T.G.R. Logistics, Inc.*, Case No. 16-cv-00238-NDF, 2017 WL 1947537, at *2 (D. Wyo. May 10, 2017). If a party fails to make a disclosure" required by Rule 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

The Government filed the instant Motion to Compel (ECF No. 27) seeking responses to its First Set of Requests for Production of Documents and Things. (ECF No. 27-1.) Upon review of the twelve discovery requests (*id.*) and the Government's arguments in its unopposed Motion (ECF No. 27 at 3–5), the court finds that the Requests for Production are proportional, relevant and propounded without objection. Therefore, the court **GRANTS** the Government's Motion to Compel and **ORDERS** Plaintiffs to produce documentation responsive to Requests Nos. 1–12 on or before February 7, 2018.

---

[3] At the time the Government filed its Motion, all Plaintiffs were represented by counsel. Presently, only Plaintiff Wilkinson is represented by counsel. (*See* ECF Nos. 100 & 108.)

The court reminds Plaintiffs that any failure to move the case forward could result in the dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 41(b), which provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

In light of the foregoing, the court **DIRECTS** the Clerk of Court to mail a copy of this Order and ECF Nos. 27-1 and 27-2 to pro se Plaintiffs Bahnmuller, Baker, Burden, Cromer, Trapp, Marshall and Woods.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 17, 2018
Columbia, South Carolina